# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **LEONEL A. GARCIA,** | |
| **Petitioner,** | |
| v. | **Civil Action No.: 3:22-CV-196 (GROH)** |
| **WARDEN ROANE,** | |
| **Respondent.** | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 28, 2022, Petitioner, an inmate at FCI Gilmer in Glenville, West Virginia, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner paid the filing fee on December 1, 2022. ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, this Court recommends that the Petition be denied and dismissed without prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:22-CV-196 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Eastern District of Virginia[2]

On February 11, 2021, a single-count information was filed which charged Petitioner with conspiracy to possess with intent to distribute 500 grams or more of cocaine. ECF No. 1. The information also contained a related forfeiture allegation. Id. Pursuant to a plea agreement, Petitioner entered a guilty plea to the information on March 2, 2021. ECF Nos. 8, 10.

On July 19, 2021, the Court sentenced Petitioner to 94 months of imprisonment. ECF No. 21 at 2. A review of the docket and PACER shows that Petitioner did not file an appeal.

### B. Instant Petition for Habeas Corpus Under § 2241

Petitioner challenges the calculation of his federal sentence pursuant to the First Step Act.[3] ECF No. 1 at 1, 6. His sole ground for relief is that the Bureau of Prisons has refused to grant him credit toward his sentence, or to update his file to reflect his earned First Step Act credits. Id. at 6. Petitioner requests that the Court "order the BOP to credit [him with his] FSA credits that [he] has earn[ed]." Id. at 9.

Petitioner claims that he has submitted his administrative remedies but gotten no response, thereby preventing him from continuing the administrative remedy process. Id. at 8. In support of his claims that he has attempted to exhaust his administrative remedies, Petitioner submitted copies of emails dated September 2, 2022, October 20, 2022, November 1, 2022, November 3, 2022, November 17, 2022, an administrative remedy request signed by Petitioner

---

[2] Throughout section II.A, all ECF numbers refer to entries in the docket of Criminal Action No. 3:21-CR-10 in the Eastern District of Virginia. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] On the same date that he filed the instant action challenging his calculation of sentence under the First Step Act, Petitioner filed a separate action in this district, 5:22-CV-287, which challenges his calculation of sentence under the CARES Act.

2

on October 21, 2022, a certificate of completion of the Drug Abuse Education Course completed on August 10, 2022. Id. at 10 – 17.

### III.  LEGAL STANDARDS

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV.   ANALYSIS

This court is without jurisdiction to adjudicate Petitioner's claims because he failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

---

relief from a defendant who is immune from such relief."

4

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that although Petitioner has presented the facts in relation to the present petition through the prison's internal grievance procedure, that he has not filed an administrative remedy through either the regional or central offices. Petitioner claims that he has submitted his administrative remedies but has not gotten a

5

response. ECF No. 1 at 8. Petitioner asserts that all of his submitted remedies "were misplaced or never signed" which in turn stopped him from moving forward with the administrative remedy process. Id.

However, Petitioner's own submissions show that this petition was filed prematurely. Critically, the two grievances which Petitioner attached to his petition to demonstrate the BOP's lack of response, were signed by Petitioner on October 21, 2022, approximately five weeks before the filing of his complaint on November 28, 2022. ECF No. 1 at 15, 16. It is unclear from the documents when they were actually filed with the institution.

Further, Petitioner's email correspondence submitted as exhibits, likewise demonstrates that this action was filed prematurely. In his September 2, 2022, email [ECF No. 1 at 13], Petitioner contends that he filed a BP-9 administrative remedy form to challenge his custody points. However, the signed remedy documents [Id. at 15, 16] submitted by Petitioner were both executed several weeks later, on October 21, 2022. Further, both of those administrative remedy submissions[5] indicate that Petitioner filed a BP-8 with his unit team on October 21, 2022. Id. at 15, 16. In his November 3, 2022, email Petitioner states that his BP-8 rejection was signed on November 1, 2022. Id. at 14.

In a November 1, 2022, email, Petitioner states that he received a rejection for his BP-9 filed with the institution. Id. at 12. However, Petitioner claimed that the response from the institution to his BP-9 was not timely. Id. Finally, in his November 17, 2022, email Petitioner claims that he has made three attempts to process his administrative

---

[5] It is unclear whether these documents were BP-8 or BP-9 submissions. Both documents indicate that Petitioner filed a BP-8 on the same date that he filed those submissions.

6

remedy. Id. at 11. Petitioner signed the petition for the instant action four days later on November 21, 2022, and filed the petition on November 28, 2022. ECF No. 1 at 18. It is clear upon the face of the complaint that such administrative appeals have not been exhausted. To exhaust his administrative remedies, Petitioner would have been required to file both a BP-10 with the Regional Office and a BP-11 with the Central Office and received a final determination on the merits of both those claims. It is clear he has done neither.

Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:**     December 5, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE